IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN P. RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:06CV3244 |
| | ) | |
| STATE OF NEBRASKA, ex rel. STATE | ) | MEMORANDUM AND ORDER |
| BOARD OF PUBLIC ACCOUNTANCY | ) | |
| OF THE STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff challenges the constitutionality of a state regulation. The matter is before the Magistrate Judge by consent of the parties on defendant's Motion to Dismiss [10] and plaintiff's Opposition thereto [14]. I find that the motion to dismiss should be granted, as the State of Nebraska is entitled to Eleventh Amendment immunity; however, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), plaintiff will be given leave to file an amended complaint naming the proper defendants.

BACKGROUND

The Complaint alleges that plaintiff was admitted to practice law in the State of Nebraska in 1976 and is currently engaged in the active practice of law with his office located in Omaha, Nebraska. In 1978, plaintiff was issued an active permit to practice public accountancy within the meaning of Neb. Rev. Stat. § 1-136 by the Board of Public Accountancy ("Board") for the State of Nebraska. In the 1980s, however, plaintiff became an inactive registrant within the meaning of § 1-136(4). Plaintiff maintained his status as

an inactive registrant and is currently registered and in good standing with the Board as an inactive registrant.[1]

---

[1] The state statutes relevant to this dispute are as follows:

Neb. Rev. Stat. § 1-136, which provides:
    (1) Permits to engage in the practice of public accountancy in this state shall be issued by the board to (a) persons who are holders of the certificate of certified public accountant issued under sections 1-114 to 1-124 and who have met the experience requirements of section 1-136.02 ....
                      * * * *
    (4) Any certificate holder or registrant who has not lost his or her right to issuance or renewal of a permit and who is not actively engaged in the practice of public accountancy in this state may file a written application with the board to be classified as inactive. A person so classified shall not be issued a permit or be deemed the holder of a permit but shall be carried upon an inactive roll to be maintained by the board upon the payment of an inactive fee as established by the board not to exceed fifty percent of the fee charged persons actively engaged in the practice of public accountancy as provided in this section. A person so classified shall not be deprived of the right to the issuance or renewal of a permit and may, upon application to the board and upon payment of the current permit fee, be issued a current permit.

Neb. Rev. Stat. § 1-122(1):
    (1) Any person who has been issued a certificate as a certified public accountant and who holds a permit issued under subdivision (1)(a) of section 1- 136, which is in full force and effect, **and any person who is classified as inactive under section 1-136**, shall be styled and known as a certified public accountant and may also use the abbreviation C.P.A. The board shall maintain a list of active certified public accountants.
(Emphasis added).

Neb. Rev. Stat. § 1-151 provides:
    (1) No person shall assume or use the title or designation certified public accountant or the abbreviation C.P.A. or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such person is a certified public accountant **unless such person (a) is classified as inactive under section 1-136 or (b)** has been issued a certificate as a certified public accountant under sections 1-114 to 1-124 **and holds a permit issued under subdivision (1)(a) of section 1-136** which is not revoked or suspended and all of such person's offices in this state for the practice of public accountancy are maintained and registered as required under section 1- 135.
(Emphasis added).

Neb. Rev. Stat. § 1-136(4) provides:
    Any certificate holder or registrant who has not lost his or her right to issuance or renewal of a permit and who is not actively engaged in the practice of public accountancy in this state may file a written application with the board to be classified as inactive. A person so classified shall not be issued a permit or be deemed the holder of a permit but shall be carried upon an inactive roll to be maintained by the board upon the payment of an inactive fee as established by the board not to exceed fifty percent of the fee charged persons actively engaged in the practice of public accountancy as provided in this section. A person so classified shall not be deprived of the right to the issuance or renewal of a permit and may, upon application to the board and upon payment of the current permit fee, be issued a current permit.

In his law practice, plaintiff provides advice on tax matters and prepares tax returns, including Estate tax returns. Plaintiff alleges he would like to expand his legal practice by engaging more actively in the preparation of income tax returns, in direct competition with holders of active permits to practice public accounting. In light of his inactive status, the regulations of the Board would require him to use a disclaimer:

> **003.01 Inactive Registrant; use of disclaimer.** Whenever using "Certified Public Accountant" or "CPA" with his or her name, an inactive registrant shall use the disclaimer "Inactive Registrant" in parentheses immediately after the title or abbreviation.

288 N.A.C. Ch. 7, § 003.01 (the "Regulation"). Plaintiff "considers the use of the phrase 'certified public accountants' and the initials 'CPA' without the Disclaimer essential to a successful extension of his practice into a more active solicitation fo a tax return business." Complaint ¶ 16.

## LEGAL ANALYSIS

In this action, plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Regulation is an impermissible restriction on commercial speech, thus violating plaintiff's rights under the First Amendment to the U.S. Constitution. The State of Nebraska contends it is entitled to Eleventh Amendment immunity.

"The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation." *Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of N.Y.*, 447 U.S. 557, 561 (1980). An attorney's use of a CPA designations in advertising and other communication with the public

constitutes "commercial speech" for purposes of First Amendment analysis. *Ibanez v. Florida Dep't of Bus. & Prof'l Regulation*, 512 U.S. 136, 142 (1994). "Commercial speech that is not false, deceptive, or misleading can be restricted, but only if the State shows that the restriction directly and materially advances a substantial state interest in a manner no more extensive than necessary to serve that interest." *Id*. (citing *Central Hudson*, 447 U.S. at 566).

The Eleventh Amendment, however, bars any suit brought in federal court by an individual against a state or its agencies, regardless of the nature of the relief sought, and any action against the Board itself is barred by the Eleventh Amendment. An exception to this rule was made in *Ex Parte Young*, 209 U.S. 123 (1908), allowing suits against individual state officers for violations of the Constitution and federal statutes. Under *Ex Parte Young,* a party may sue a state officer for prospective relief in order to stop an ongoing violation of a federal right. *See, e.g., Entergy Arkansas, Inc. v. State of Nebraska*, 210 F.3d 887, 897 (2000); *VanHorn v. Nebraska State Racing Com'n*, 304 F. Supp. 2d 1151, 1170 (D. Neb. 2004); *Walker v. Flitton*, 364 F. Supp. 2d 503, 506 n.1 (M.D. Pa. 2005).

Thus, while the plaintiff may not assert his constitutional claims directly against the State of Nebraska or its Board of Public Accountancy, he may file suit against the individual state officers for prospective relief as to the constitutionality of the Regulation.

For these reasons,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss [10] is granted, and the "STATE OF NEBRASKA, EX REL., STATE BOARD OF PUBLIC ACCOUNTANCY OF THE STATE OF NEBRASKA" is hereby dismissed as a defendant.

2. Plaintiff is given until and including **March 30, 2007** to file and serve an amended complaint naming the appropriate individual officers as defendants.

**DATED February 26, 2007.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**