## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN P. RAYNOR, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| JIM R. TITUS, DOUGLAS W. SKILES, | )   8:06CV3244 |
| WILLIAM C. NUCKOLLS, RICHARD | ) |
| G. ZACHARIA, ANNE K. FUHRMAN, | )   REPORT AND |
| THOMAS M. OBRIST, KATE KING | )   RECOMMENDATION |
| WU and MICHAEL WASSINGER, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

This case is before the magistrate judge by consent of the plaintiff and the former defendant.[1] The plaintiff, a practicing attorney, challenges the constitutionality of a state regulation. On February 26, 2007, I entered an order finding that the State of Nebraska was entitled to Eleventh Amendment immunity; however, although the plaintiff could not assert his constitutional claims directly against the State of Nebraska or its Board of Public Accountancy, he could file suit against the individual state officers for prospective relief as to the constitutionality of the regulation. Plaintiff was given until and including March 30, 2007 to file and serve an amended complaint naming the appropriate individual officers as defendants.

---

[1] The former defendant, State of Nebraska, *ex rel.* State Board of Public Accountancy, consented to jurisdiction by the magistrate judge. The currently named defendants have not consented and have filed a dispositive motion; therefore, this Report and Recommendation is being issued instead of an Order. The Clerk will be directed to reassign the case to a district judge for a ruling on this Report and Recommendation.

The Amended Complaint [21] was timely filed on March 22, 2007, but the plaintiff did not request summonses until May 7, 2007, more than a month after the deadline set in the February 26 order. On May 15, 2007, plaintiff filed notices that the summonses were returned executed on all the named defendants.

The defendants did not respond to the Amended Complaint. Consequently, on July 25, 2007, I entered an order [40] giving plaintiff until August 15, 2007 to obtain an entry of default and file a motion for default judgment, or take other appropriate action to prosecute the case.

Plaintiff did not take any action in response to the July 25, 2007 order; however, on July 27, 2007, the currently named defendants filed a Motion to Dismiss [41] pursuant to Fed. R. Civ. P. 12(b)(2),(4) and (5), and Fed. R. Civ. P. 4(m). That motion is the subject of this Report and Recommendation.

### ISSUES PRESENTED

The defendants contend that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (4) and/or (5)

- for lack of personal jurisdiction because process and service of process were insufficient under Rule 4 of the Federal Rules of Civil Procedure, and

- because plaintiff failed to effect service within 120 days of filing the Amended Complaint as required by Fed. R. Civ. P. 4(m).

The plaintiff did not respond to the Motion to Dismiss. I note that additional summonses were requested and issued on August 23, 2007.

## LEGAL ANALYSIS

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides:

Service upon a state ... or other governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

In this regard, Neb. Rev. Stat. § 25-510.02(1) provides:

The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

Service upon the Attorney General is mandatory in order to vest personal jurisdiction over a state agency. *See, e.g., Nebraska Methodist Health Sys., Inc. v. Dep't of Health of the State of Neb.*, 249 Neb. 405, 410, 543 N.W.2d 466, 469 (1996); *Twiss v. Trautwein*, 247 Neb. 535, 529 N.W.2d 24 (1995). It is clear that § 25-510.02(1) applies in this case because the defendants were not sued in their individual capacities, and paragraph 4 of the Amended Complaint [21] specifically states that the defendants were named "solely in their capacity as members of the [State Board of Public Accountancy] and solely by reason of their authority as Board members to govern the conduct of Nebraska Certified Public Accountants."

Defense counsel, an Assistant Attorney General, became aware that the plaintiff was attempting to serve the defendants at their home addresses. On May 22, 2007, she wrote to

the plaintiff advising him of the defect in service and suggesting that he serve the defendants at the office of the Attorney General. Filing [46], Affidavit of Lynn A. Melson.

The returns of summonses filed on May 15, 2007 confirm that process was not served on the Attorney General, as required by Rule 4(j)(2) and Neb. Rev. Stat. § 25-510.02(1). There was no further activity in the case until the July 25, 2007 order was entered, requiring the plaintiff to take appropriate action to prosecute the case.

Since service was not perfected in the manner required by Rule 4, this court lacks personal jurisdiction over the defendants and the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (4) and/or (5).

In the alternative, Rule 4(m) of the Federal Rules of Civil Procedure requires that service of the summons and complaint be made within 120 days after the filing of the complaint. Here, the Amended Complaint was filed on March 22, 2007 and the plaintiff had until July 20, 2007 to effect service. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plaintiff, a practicing attorney, did not comply with the court's order that his amended complaint be filed and served by March 30, 2007, did not respond to the defendants' pending motion for dismissal, did not take corrective action after receiving notice from the defense counsel that the defendants were not properly served, and has not shown good cause for

failure to timely serve the defendants with summons and a copy of the Amended Complaint as required by Fed. R. Civ. P. 4(c)(1) and (m).

For all these reasons,

**IT IS RECOMMENDED TO THE DISTRICT COURT** that defendants' Motion to Dismiss [42] be granted and that this matter be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), (4) and/or (5).

**DATED August 30, 2007.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**