IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN P. RAYNOR, | ) | 4:06CV3244 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JIM R. TITUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation that Defendants' Motion to Dismiss be granted. (Filing No. 50.) After a de novo review pursuant to Federal Rule of Civil Procedure 72 and NECivR 72.3, the Magistrate Judge's Report and Recommendation is adopted in part and modified in part.

Defendants filed a Motion to Dismiss on July 27, 2007 arguing that this court lacks personal jurisdiction over Defendants because Plaintiff failed to serve Defendants properly within 120 days of the filing of the Amended Complaint. (Filing No. 41.) Plaintiff here is proceeding pro se. However, he is a practicing attorney and has signed his pleadings using his attorney registration number and business address. (*See* Filing No. at CM/ECF pp. 5, 11.) Defendants informed Plaintiff on at least two separate occasions that service was improper. (Filing No. 46, Attach. 1, at CM/ECF p. 1.) Defendants also detailed the requirements for service and suggested that Plaintiff remedy the service defects and re-serve Defendants. (*Id.*) In spite of that notice and suggestion, Plaintiff failed to take action to correct the improper service until *after* Defendants filed their Motion to Dismiss, did not respond to Defendants' Motion to Dismiss, and did not prosecute this matter with "reasonable diligence" until Magistrate Judge Gossett requested that he do so. (Filing No. 40.)

The Report and Recommendation recommends that this court grant Defendants' Motion to Dismiss and dismiss this action with prejudice. (Filing No. 50 at CM/ECF p. 5.) Plaintiff filed an Objection to the Report and Recommendation, arguing that his repeated failures to serve Defendants properly are "technicalities" and requesting that, if the court dismisses this matter, that the dismissal be without prejudice. (Filing No. 55 at CM/ECF p. 3.) Where service of process is defective, the court has wide latitude under Federal Rule of Civil Procedure Rule 4 to either dismiss the action without prejudice or extend the time in which service may be made where "good cause" is shown for the failure. Fed. R. Civ. P. 4(m).

After a careful review of the record, the court finds that Plaintiff has not shown good (or any) cause for his failure to properly serve Defendants within 120 days of the filing of the Amended Complaint.[1] *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885-85 (8th Cir. 1996) ("When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is no good cause for the resulting delay if that method of service fails.") Therefore, the court adopts the Magistrate Judge's Report and Recommendation and this case is dismissed for the reasons articulated by Magistrate Judge Gossett. However, the Report and Recommendation is modified to the extent that Plaintiff's Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).

IT IS THEREFORE ORDERED that:

1.  The Magistrate Judge's Report and Recommendation (filing no. 50) is adopted in part and modified in part.

---

[1] Although the court makes no finding regarding the issue, a brief review of the record indicates that Plaintiff alleges ongoing violations and that he may be able to re-file his action without violating the applicable statute of limitations.

2. Plaintiff's Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).

3. Defendants' Motion to Dismiss (filing no. 41) is granted.

4. Plaintiff's Objection to Report and Recommendation (filing no. 55) is granted in part in accordance with this Memorandum and Order.

5. All other pending motions are denied as moot.

6. A separate judgment will be entered in accordance with this Memorandum and Order.

February 19, 2008. BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge